UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

MARY LYNCH,                    )
                               )
        Plaintiff,             )
                               )
                               )
v.                             )    3:06-CV-26
                               )    (PHILLIPS/SHIRLEY)
                               )
JO ANNE B. BARNHART,           )
Commissioner of                )
Social Security,               )
                               )
        Defendant.             )

## **REPORT AND RECOMMENDATION**

This case is before the undersigned pursuant to 28 U.S.C. § 636(b), Rule 72(b) of the Federal Rules of Civil Procedure, and the Rules of this Court for a report and recommendation regarding the disposition by the District Court of the plaintiff's motion for summary judgment [Doc. 8] and the defendant's motion for summary judgment. [Doc. 13]. Plaintiff Mary Lynch ("Plaintiff") seeks judicial review of the decision of the Administrative Law Judge ("ALJ"), the final decision of the defendant Commissioner.

The ALJ made the following findings:

> 1. The claimant has not engaged in substantial gainful activity since the alleged onset of disability.
>
> 2. The claimant's chronic bilateral carpal tunnel syndrome is a "severe" impairment, based upon the requirements in the Regulations (20 C.F.R. §§ 404.1520 and 416.920(c)).
>
> 3. This medically determinable impairment does not meet or medically equal one of the listed impairments

in Appendix 1, Subpart P, Regulation No. 4.

4. The undersigned finds the claimant's allegations regarding her limitations are not totally credible for the reasons set forth in the body of the decision.

5. The claimant retains the residual functional capacity to lift 15 pounds occasionally with no frequent/repetitive lifting, avoiding rapid movement of the hands. The claimant can sit for 6 hours, and stand or walk up to 4 of 8 hours. The claimant has a mild to moderate emotional problem described as a pain disorder that limits her ability to perform detailed or complex work and further limits her ability to make frequent adaptive changes in the work environment. She cannot lift repetitively, must avoid rapid movements of her hands, and cannot work where hand speed is essential. She does have normal dexterity of the hands, however.

6. The claimant is unable to perform any of her past relevant work (20 C.F.R. §§ 404.1565 and 416.965).

7. The claimant is a "younger individual" (20 C.F.R. §§ 404.1563 and 416.963).

8. The claimant has "marginal" literacy (20 C.F.R. §§ 404.1564 and 416.964).

9. The claimant has no transferable skills from any past relevant work and/or transferability of skills is not an issue in this case (20 C.F.R. §§ 404.1568 and 416.968) .

10. The claimant has the residual functional capacity to perform a significant range of sedentary and light work (20 C.F.R. §§ 404.1567 and 416.967).

11. Although the claimant's exertional limitations do not allow her to perform the full range of sedentary and light work, using Medical-Vocational Rule 202.17 as a framework for decision making, there are a significant number of jobs in the national economy which she could perform. Examples of such jobs

> appear in the body of this decision.
>
> 12. The claimant was not under a "disability," as defined in the Social Security Act, at any time through the date of this decision (20 C.F.R. §§ 404.1520(f) and 416.920(f)).

[Tr. 30-31].

In reviewing the Commissioner's determination of whether an individual is disabled, the Court is limited to evaluating whether substantial evidence supports the ALJ's conclusion and whether the ALJ applied proper legal standards. Key v. Callahan, 109 F.3d 273 (6th Cir. 1997). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Heston v. Comm'r of Soc. Sec., 245 F.3d 528, 534 (6th Cir. 2001)(quoting Richardson v. Perales, 402 U.S. 389, 401 (1971)). To determine whether substantial evidence exists, the Court must review the administrative record as a whole. Cutlip v. Sec'y of Health & Human Servs., 25 F.3d 284, 286 (6th Cir. 1994). Reversal of the Commissioner's findings is not appropriate "merely because there exists in the record substantial evidence to support a different conclusion." Buxton v. Halter, 246 F.3d 762, 772 (6th Cir. 2001); see also Dorton v. Heckler, 789 F.2d 363, 367 (6th Cir. 1986) (holding that, in a close case, unless the court is persuaded that the Secretary's findings are "legally insufficient," they should not be disturbed). The Court may not review the case de novo, resolve conflicts in evidence, or decide questions of credibility. Garner v. Heckler, 745 F.2d 383, 387 (6th Cir. 1984).

Plaintiff argues on appeal that substantial evidence did not support the decision of the ALJ, because: the ALJ erred in determining that Plaintiff was not disabled under the listing of impairments for mental retardation; the ALJ erred by posing a hypothetical to the vocational expert which did not properly take into consideration Plaintiff's mental restrictions; the ALJ erred by

3

disregarding Plaintiff's claim that she required naps because of medication induced drowsiness. [Doc. 10].

The Commissioner contends that substantial evidence supports the ALJ's decision regarding the issues presented on appeal by Plaintiff. The Commissioner argues that the ALJ correctly concluded that plaintiff was not disabled, because she could perform a limited range of light and sedentary jobs and that a significant number of such jobs existed in the regional and national economy, given her medical and vocational characteristics. [Doc. 14].

Plaintiff first argues that the ALJ erred in determining that Plaintiff was not disabled under the listing of impairments for mental retardation. Plaintiff contends that she properly falls under the 12.05(C) listing for mental retardation and, therefore, the ALJ should have found Plaintiff disabled at the third step in the five step evaluation process. The Commissioner argues that the ALJ did not err in determining that Plaintiff's mental condition did not satisfy the 12.05(C) listing. The Commissioner contends that Plaintiff has not carried her burden of proof in showing that her mental condition satisfies all of the requirements of the 12.05(C) listing.

In order to meet the requirements of 12.05, a claimant must show that she meets both the diagnostic description in the introductory paragraph and any one of the four sets of criteria labeled A through D. See 20 C.F.R. §§ 404.1525(c)-(d) and 416.925(c)-(d); 20 C.F.R. Part 404, Subpart P, Appendix 1, § 12.00(A); Foster v. Halter, 279 F.3d 348, 354 (6th Cir. 2001). The diagnostic description for mental retardation states that

> [m]ental retardation refers to significantly subaverage general intellectual functioning with deficits in adaptive functioning initially manifested during the developmental period; *i.e.* the evidence demonstrates or supports onset of the impairment before age 22. The required level of severity for this disorder is met

4

when the requirements in A, B, C, or D are satisfied.

20 C.F.R. Pt. 404, Subpt. P, App. 1 § 12.05. Item C requires "[a] valid verbal, performance, or full scale IQ of 60 through 70 and a physical or other mental impairment imposing an additional and significant work-related limitation or function." Id. at § 12.05(C). The evidentiary burden falls on one claiming entitlement to benefits owing to mental retardation. McQueen v. Comm'r of Soc. Sec., 29 Fed. Appx. 187, 189 (6th Cir. 2002).

Therefore, in order to meet the requirements of a 12.05(C) listing, Plaintiff must show (1) significantly subaverage general intellectual functioning with deficits in adaptive functioning initially manifested before age twenty-two; (2) a valid verbal, performance, or full scale IQ of 60 through 70; and (3) a physical or other mental impairment imposing an additional and significant work-related limitation or function. Additionally, the Sixth Circuit has ruled that a claimant can not satisfy a 12.05(c) listing without some proof of "testing or evaluation contemporaneous with [the claimant's] developmental period." Foster, 279 F.3d at 355. The Sixth Circuit has also held that an academic record "replete with failing grades" is sufficient to show "significantly impaired intellectual performance before age twenty-two," even without a showing of a valid IQ score in the appropriate range. McPeek v. Sec'y of Health & Human Servs., No. 93-5204, 1994 U.S. App. LEXIS 3478, at *6-7 (6th Cir. Feb. 24, 1994).

The Court notes that the only evidence in the record pertaining to Plaintiff's intellectual functioning before age 22 is her high school transcript. [Tr. 86]. All other evidence in the record pertaining to Plaintiff's intellectual functioning comes from testing performed in the past

5

few years.[1] In examining Plaintiff's high school transcript, the Court notes that Plaintiff graduated high school with a GPA of 2.10, a C[2] average, and only received failing grades in Science 19 and Speech. The Court can not say that two failed courses satisfies the McPeek standard of a transcript replete with failing grades. Therefore, in the absence of any evidence showing significantly subaverage general intellectual functioning with deficits in adaptive functioning initially manifested before age twenty-two, the Court must find that Plaintiff has not met the requirements of the 12.05(C) listing.

Plaintiff also argues that her current level of intellectual functioning shows that she must have suffered from significantly subaverage general intellectual functioning with deficits in adaptive functioning initially manifested before age twenty-two. More specifically, Plaintiff points to her fourth grade reading level and third grade math level, as measured by Alice Garland, M.S. [Tr. 192]. However, the Court notes that Ms. Garland opined that Plaintiff actually performed at a borderline level of intellectual functioning, despite her low test scores, and that Plaintiff's reading comprehension is probably above the fourth grade level. [Tr. 190-92]. In light of Ms. Garland's opinion that the test results did not accurately reflect Plaintiff's correct level of mental functioning, the Court can not find that Plaintiff has met the burden of showing she suffered from significantly subaverage general intellectual functioning with deficits in adaptive functioning initially manifested before age twenty-two.

---

[1]The Court notes that Plaintiff was born in 1967, so the recent testing did not occur before age 22.

[2]The Court notes that in the standard A through F grading scale, a C symbolizes average work, a level of work which is certainly not in keeping with a showing of "significantly impaired intellectual performance."

Plaintiff next argues that the ALJ erred by posing a hypothetical to the vocational expert which did not properly take into consideration Plaintiff's mental restrictions. Plaintiff contends that, because the hypothetical was incomplete, the ALJ erred by relying upon the testimony of the vocational expert. The Commissioner argues that the ALJ did not err by relying upon the vocational expert's testimony. The Commissioner contends that the ALJ properly evaluated Plaintiff's mental restrictions and properly accounted for them in the hypothetical.

A vocational expert's testimony can constitute substantial evidence only if the testimony is in response to a hypothetical question that accurately portrays a claimant's abilities. Davis v. Sec'y of Health & Human Servs., 915 F.2d 186, 189 (6th Cir. 1990). Additionally, an ALJ must "consider findings of State agency medical and psychological consultants or other program physicians or psychologists as opinion evidence." 20 C.F.R. § 404.1527(f)(2)(I). The ALJ must evaluate the consultative physician's opinion using the relevant factors in 20 C.F.R. § 404.1527(a)-(e), the same factors used to analyze the opinion of a treating physician. See 20 C.F.R. § 404.1527(f)(2)(ii).

In the instant case, Ms. Garland opined that Plaintiff's "overall level of intellectual functioning and adaptive behavior are well within the borderline range," despite IQ testing, testing which Ms. Garland administered, suggesting otherwise. [Tr. 191-92]. The ALJ weighed the evidence and found that Plaintiff's level of intellectual functioning was within the borderline range. The Court may not resolve conflicts in evidence or decide questions of credibility. Garner v. Heckler, 745 F.2d 383, 387 (6th Cir. 1984). Therefore, in light of Ms. Garland's report, the Court must find that the ALJ's finding that Plaintiff operated at the borderline level of intellectual functioning was supported by substantial evidence. Therefore, the ALJ did not err by presenting a

hypothetical[3] to the vocational expert which addressed a person operating at the borderline level of intellect. Since the ALJ presented a hypothetical which accurately described Plaintiff, the Court finds that it was reasonable for the ALJ to rely on the testimony of the vocational expert and her testimony constitutes substantial evidence in support of the ALJ's decision.

Finally, Plaintiff argues that the ALJ erred by disregarding Plaintiff's claim that she required naps because of medication induced drowsiness. Plaintiff further argues that, because the vocational expert testified that a person who required naps during the workday would not be able to perform competitive work, that the ALJ further erred by relying on the vocational expert's testimony. The Commissioner argues the ALJ did not err by disregarding Plaintiff's claims that she required naps. The Commissioner contends that there is no medical evidence supporting Plaintiff's claims.

Federal regulations place the burden of proving the existence of a disability on the claimant. See 20 C.F.R. § 404.1512(a). Regulations further require that the claimant "must provide medical evidence showing that [the claimant has] an impairment(s) and how severe it is." 20 C.F.R. § 404.1512(c). The Commissioner has the burden of proof only on 'the fifth step, proving that there is work available in the economy that the claimant can perform.'" Howard, 276 F.3d at 238. Additionally, an ALJ need not credit subjective complaints when there is no underlying medical basis for the complaint. Fraley v. Sec'y of Health & Human Servs., 733 F.2d 437, 440 (6th Cir. 1984). Furthermore, the Sixth Circuit has ruled that an ALJ can disregard a claimaint's allegations of medication induced drowsiness when there is no medical evidence supporting the allegations. See Essary v. Comm'r of Soc. Sec., 114 Fed. Appx. 662, 665-66 (6th Cir. 2004) (holding that an

---

[3]The ALJ's hypothetical, in pertinent part, described an individual "who has marginal education or literacy" and "has borderline intellectual functioning." [Tr. 271-72].

ALJ did not err by disregarding claimant's allegations of drowsiness when claimant's medical records made no indication that claimant had reported such side effects to her doctors); <u>Bentley v. Comm'r of Soc. Sec.</u>, 23 Fed. Appx. 434, 435 (6th Cir. 2001) (holding that an ALJ did not err by disregarding claimant's allegations of drowsiness when there was nothing in the notes of claimant's treating physicians which reflected that Bentley's medication caused drowsiness as a side effect).

Plaintiff testified that her pain medication makes her drowsy, resulting in Plaintiff taking an hour long nap shortly after taking her medication each morning. [Tr. 254-55]. However, after reviewing all of the medical records in evidence, the Court can find no medical evidence which supports Plaintiff's claims. In light of <u>Bentley</u> and <u>Essary</u>, this Court must find that Plaintiff has not carried her burden in showing that she suffered from medication induced drowsiness. Therefore, the ALJ did not err by disregarding Plaintiff's claims of drowsiness. Furthermore, since the ALJ did not find that Plaintiff suffered from medication induced drowsiness, the ALJ did not err by disregarding the vocational expert's statement that someone who suffered from such drowsiness could not perform competitive work.

For the reasons stated herein, it is hereby **RECOMMENDED**[4] that the plaintiff's motion for summary judgment [Doc.8] be **DENIED** and that the defendant's motion for summary judgment [Doc. 13] be **GRANTED**.

Respectfully submitted,

s/ C. Clifford Shirley, Jr.
United States Magistrate Judge

---

[4]Any objections to this Report and Recommendation must be served and filed within ten (10) days after service of a copy of this recommended disposition on the objecting party. Such objections must conform to the requirements of Rule 72(b), Federal Rules of Civil Procedure. Failure to file objections within the time specified waives the right to appeal the District Court's order. Thomas v. Arn, 474 U.S. 140, 106 S. Ct. 466 (1985). The district court need not provide de novo review where objections to this report and recommendation are frivolous, conclusive or general. Mira v. Marshall, 806 F.2d 636 (6th Cir. 1986). Only specific objections are reserved for appellate review. Smith v. Detroit Federation of Teachers, 829 F.2d 1370 (6th Cir. 1987).